1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT

7           FOR THE DISTRICT OF ARIZONA

8

9   United States of America,              )   No. CIV 08-475-TUC-FRZ
                                           )   No. CIV 08-480-TUC-FRZ
10          Plaintiff,                     )   No. CIV 08-485-TUC-FRZ
                                           )   **Consolidated**
11  vs.                                    )
                                           )   **ORDER**
12                                         )
    11.38 Acres of Land, more or less, situated)
13  in Santa Cruz County, State of Arizona, et)
    al.,                                   )
14                                         )
            Defendants.                    )
15  _____    )

16
17       Pending before the Court is Defendants' motion for leave to file untimely motions in

18  limine.  In December of 2010, pursuant to the parties' stipulation, the Court issued an

    Amended Scheduling Order that stated that "motions in limine/pretrial motions" were due
19
    no later than "January 21, 2011".  *See* Doc. 77.  In accordance with that Order, four motions
20
    in limine were filed on January 21, 2011; Defendants filed one motion in limine, and Plaintiff
21
    filed three motions in limine.  Thereafter, responses were filed, and the Court issued an Order
22
    addressing the motions.  After the Court issued its Order addressing the timely motions in
23
    limine, and nearly seven months after the January 21, 2011 deadline expired, Defendants
24
    filed a motion for leave to file untimely motions in limine on August 15, 2011.
25
         A "district court is given broad discretion in supervising the pretrial phase of litigation,
26
    and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed
27
    unless they evidence a clear abuse of discretion . . .  In general, the pretrial scheduling order
28

1   can only be modified upon a showing of good cause . . . The pretrial schedule may be

2   modified if it cannot reasonably be met despite the diligence of the party seeking the

3   extension." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.

4   2002)(internal quotes and citations omitted). "[C]arelessness is not compatible with a finding

5   of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations,*

6   *Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). "A scheduling order is not a frivolous piece of paper,

7   idly entered, which can be cavalierly disregarded by counsel without peril . . . Disregard of

8   the [scheduling] order would undermine the court's ability to control its docket, disrupt the

9   agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* at 610

10  (internal quotes and citations omitted).  In light of these considerations, "if the party seeking

11  the modification was not diligent, the inquiry should end and the motion to modify should

12  not be granted." *Zivkovic*, 302 F.3d at 1087 (internal quotes and citations omitted).

13  Accordingly, motions filed after deadlines set in a scheduling order are properly deemed

14  untimely and may be denied solely on this ground. *See*, *e.g.*, *Johnson*, 975 F.2d at 608-609;

15  *U.S. v. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir.

16  1985), *superceded on other grounds*, *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir.

17  1996); *Dedge v. Kendrick*, 849 F.2d 1398 (11th Cir. 1988).

18      A review of the record reflects that nothing prevented Defendants from filing the proposed

19  untimely motions by the January 21, 2011 deadline.  Defendants did not, for example,

20  suddenly stumble upon new facts (i.e., facts that could not have been discovered prior to

21  January 21, 2011) that unexpectedly necessitated the filing of untimely motions in August

22  of 2011.  Rather, it appears that Defendants simply chose not to file the untimely motions at

23  issue by the deadline ordered by the Court; then, only after the Court issued its order

24  regarding the timely motions in limine, Defendants decided to file untimely motions in limine

25  nearly seven months after the applicable deadline expired.  Defendants' motion (Doc. 111)

26  for leave to file their untimely motions in limine is denied.

27      The record also reflects that Defendants also filed a "motion for Rule 60(b) relief" which

28  the Court construes as a motion for reconsideration of the Court's Order excluding the

1    proposed expert testimony of  Patrick Cote.  Plaintiff shall file a response addressing the

2    merits of this motion by no later than October 14, 2011.  Unless otherwise ordered by the

3    Court, no reply shall be permitted.

4        DATED this 30th day of September, 2011.

5

6

7    _____

8                        Frank R. Zapata
                Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                    - 3 -