IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>11.38 Acres of Land, more or less, situated in Santa Cruz County, State of Arizona, et al.,<br><br>    Defendants. | No. CIV 08-475-TUC-FRZ<br>No. CIV 08-480-TUC-FRZ<br>No. CIV 08-485-TUC-FRZ<br>**Consolidated**<br><br>**ORDER** |

Pending before the Court is Defendants' motion for leave to file untimely motions in limine. In December of 2010, pursuant to the parties' stipulation, the Court issued an Amended Scheduling Order that stated that "motions in limine/pretrial motions" were due no later than "January 21, 2011". *See* Doc. 77. In accordance with that Order, four motions in limine were filed on January 21, 2011; Defendants filed one motion in limine, and Plaintiff filed three motions in limine. Thereafter, responses were filed, and the Court issued an Order addressing the motions. After the Court issued its Order addressing the timely motions in limine, and nearly seven months after the January 21, 2011 deadline expired, Defendants filed a motion for leave to file untimely motions in limine on August 15, 2011.

A "district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion . . . In general, the pretrial scheduling order

can only be modified upon a showing of good cause . . . The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)(internal quotes and citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* at 610 (internal quotes and citations omitted). In light of these considerations, "if the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (internal quotes and citations omitted). Accordingly, motions filed after deadlines set in a scheduling order are properly deemed untimely and may be denied solely on this ground. *See*, *e.g.*, *Johnson*, 975 F.2d at 608-609; *U.S. v. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985), *superceded on other grounds*, *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996); *Dedge v. Kendrick*, 849 F.2d 1398 (11th Cir. 1988).

A review of the record reflects that nothing prevented Defendants from filing the proposed untimely motions by the January 21, 2011 deadline. Defendants did not, for example, suddenly stumble upon new facts (i.e., facts that could not have been discovered prior to January 21, 2011) that unexpectedly necessitated the filing of untimely motions in August of 2011. Rather, it appears that Defendants simply chose not to file the untimely motions at issue by the deadline ordered by the Court; then, only after the Court issued its order regarding the timely motions in limine, Defendants decided to file untimely motions in limine nearly seven months after the applicable deadline expired. Defendants' motion (Doc. 111) for leave to file their untimely motions in limine is denied.

The record also reflects that Defendants also filed a "motion for Rule 60(b) relief" which the Court construes as a motion for reconsideration of the Court's Order excluding the

proposed expert testimony of Patrick Cote. Plaintiff shall file a response addressing the merits of this motion by no later than October 14, 2011. Unless otherwise ordered by the Court, no reply shall be permitted.

DATED this 30th day of September, 2011.

_____
Frank R. Zapata
**Senior United States District Judge**